```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X
OMAR MORRISON, CARLI GALASSO and
MANUEL TOPPINS, individually and on behalf of
other similarly situated Assistant Store Managers,

                            Plaintiffs,

       -against-                                              3:09-CV-1285 (AWT)

OCEAN STATE JOBBERS, INC.,

                            Defendant.
-----------------------------------------------------------------X
```

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE TRIAL[1]

### INTRODUCTION

Having conceded the relevance and admissibility of the Department of Labor Documents ("DOL Documents") at least on the issue of Ocean State's alleged willfulness and/or lack of good faith,[2] Plaintiffs now move this Court to bifurcate the third trial of this matter into separate stages for liability and damages. Plaintiffs' motion to bifurcate rests solely on their assertion that the DOL Documents are irrelevant as to the question of Ocean State's liability and thus unduly prejudicial under Federal Rule of Evidence 403. Simply stated, Plaintiffs argue that the mere fact that evidence clearly relevant to one issue in the case but which *may* be irrelevant or prejudicial to other issues somehow requires the Court to bifurcate the proceeding and hold two separate mini-trials. Plaintiffs' position should be rejected.

---

[1] The parties have scheduled a private mediation to be held on December 21, 2016 to discuss the possibility of resolving this and the other pending related cases.
[2] This court is, by now, well familiar with these subject documents, which reflect Department of Labor audits conducted of, among other positions, ASMs in Ocean State stores, and which are attached as Exhibit A to Plaintiffs' motion.

Even assuming, *arguendo*, that Plaintiffs are correct about the potentially prejudicial impact of the DOL Documents on the issue of liability, the solution is not to bifurcate the trial, especially where, as here, there is substantial witness overlap on liability and willfulness/good faith, but rather to instruct the jury that they may consider this evidence only for a specific, limited purpose. To take Plaintiffs' argument to its logical extension would require courts to bifurcate trials any time there is the potential for prejudicial impact of such evidence. In such case, the exception would become the rule, and every trial in which a piece of evidence was relevant to one issue (e.g., damages) but not another (e.g., liability) would require bifurcation. Fortunately, this is not the state of the law. Plaintiffs have failed to show why this trial should be bifurcated simply because Ocean State intends to introduce relevant, probative evidence on a key issue. The cure for any purported "undue" prejudice of which Plaintiffs complain is to address any such concern in typical fashion through an instruction to the jury by the Court, an approach well within the province of the Court and one that has been adopted time and again.

Because Plaintiffs have failed to carry their burden to show that bifurcation would increase judicial efficiency or that it is necessary to avoid unfair prejudice, Plaintiffs' motion should be denied. Indeed, if anything, bifurcation would be less workable and far less efficient for the parties, the Court and the jury.[3]

---

[3] While this Court bifurcated the second retrial in this action in September, that decision was apparently based primarily on timing, and not necessarily on whether liability and willfulness/good faith issues were otherwise severable and properly bifurcated. Specifically, the fact that the DOL Documents were received by both parties in the middle of the second retrial factored heavily in the mid-trial decision to bifurcate that trial at that time.

## ARGUMENT

### Standard and Burden

Federal Rule of Civil Procedure 42(b) provides that the court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, <u>may</u> order a separate trial . . . of any separate issue" (emphasis added)."The determination of whether to bifurcate between liability and damages is within the broad discretion of the trial court," *Hanlin Group, Inc. v. Village of Solvay, New York*, 1990 WL 164694, *1 (N.D.N.Y. Oct. 15, 1990), "and turns primarily on the Court's assessment of the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." *Aldous v. Honda Motor Co., Ltd.*, 1996 WL 312189, *1 (N.D.N.Y. May 30, 1996) (citations omitted).

Notably, "for bifurcation to be appropriate, the issues to be bifurcated must be separate: bifurcation is inappropriate where the "same witnesses may be needed to testify as to both the issues of liability and damages, and ... evidence pertaining to these issues may very well overlap." *Id.; see also Hanlin*, 1990 WL 164694 at *1 (same). Importantly, the fact that issues of liability and damages are "conceivably severable" does not also mean those issues are ***"distinctly separate"*** for purposes of bifurcation. "[S]eparation of issues is not the usual course that should be followed." *Sunenblick v. Harrell*, 145 F.R.D. 314, 317 (S.D.N.Y. 1993); *see also Miller v. Am. Bonding Co.*, 257 U.S. 304, 307, 42 S.Ct. 98, 66 L.Ed. 250 (1921) ("[T]he general practice is to try all the issues in a case at one time"). "The inconveniences, inefficiencies and harms inherent in these probable consequences [of bifurcation] -to the parties and third parties, to the courts, and to the prompt administration of justice-weigh against separation of trials and suggest that, for those probable adverse effects to be overcome, the circumstances justifying bifurcation should be

particularly compelling and prevail only in exceptional cases." *Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014).

"The burden of demonstrating that bifurcation is appropriate, however, rests with the party seeking same." *Aldous*, 1996 WL 312198 at *1 (finding "no particular factors specific to this case that distinguish the potential for prejudice here from the potential prejudice which is normally and customarily dealt with through an appropriate charge and curative instructions where necessary"); *see also Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 283, 284 (D. Conn. 2004) ("Bifurcation is thus the exception, not the rule, and the movant must justify bifurcation on the basis of the substantial benefits that it can be expected to produce").

### A. Bifurcation is Inappropriate Because the Same Witnesses Will Need to Testify on both Liability and Damages.

Contrary to Plaintiffs' assertion, the issues of liability and damages in this case are not cleanly severable, and bifurcation would require several of Ocean State's witnesses to testify during both the liability and damages phases of trial.

During both of the previous two trials in this matter, Ocean State's Chief Executive Officer Marc Perlman and Vice President of Operations Richard Portno were called to testify. Ocean State called Perlman as a witness in its case-in-chief in the first trial, and Plaintiffs called him as their first witness in their case-in-chief in the second trial. Plaintiffs called Portno as a witness in their cases-in-chief in the first and second trial. Also during the second trial, Plaintiffs called former Ocean State Director of Operations John Kelsey and former Ocean State Director of Human Resources Raymond Conforti in their case-in-chief.

Through questioning of these witnesses from both sides, the parties provided the jury with the necessary relevant background concerning Ocean State and its stores, operations, practices and related matters, including the genesis of the assistant store manager ("ASM") position and Plaintiffs' job duties, which provided a framework for the jury within which to understand the case. And without this testimony, the jury would likely lack a useful understanding of how an Ocean State retail store operates within the context of the company and the industry as a whole. Indeed, Perlman and Portno were Plaintiffs' first two witnesses in the case. Tellingly, Plaintiffs did not appear concerned about confusing the jury or unfairly prejudicing Ocean State on liability when they began their case by calling these two witnesses on willfulness/good faith in an attempt to show that Ocean State was a cheap company that purportedly stole overtime from its employees because it did not want to pay for a written opinion on the exempt nature of its ASMs from its outside counsel.

Presumably, Plaintiffs intend to call some or all of these four witnesses, among others, in their case-in-chief at the third trial. Their motion to bifurcate makes no mention to the contrary, and does not otherwise disclaim their past strategy of calling these Ocean State witnesses in their case if this matter was bifurcated. However, even if Plaintiffs chose not to call any of these witnesses during a liability-only phase of trial, Ocean State would almost certainly do so in order to educate the jury on the history of Ocean State, and to explain to the jury what Ocean State expects from its ASMs, why it classified the Plaintiff ASMs as exempt, the salary and benefits they receive and why, and how their management duties are essential to the functioning of an Ocean State store – all of which is essential for the jury to receive a complete picture of this case

and all of which is highly relevant to the issue of liability.[4] In the absence of such testimony, Ocean State would be severely prejudiced and the jury would be confused.

Indeed, a necessary component of at least the question of why Ocean State classified the Plaintiff ASMs as exempt (an issue that Ocean State most certainly would intend to raise in its direct case at a third trial) would unquestionably require testimony that the company classified and continued to classify the ASMs as exempt in part because the United States Department of Labor advised the company that the ASMs who were audited did, in fact, meet the executive exemption requirements. The issues that Plaintiffs seek to have bifurcated are not, therefore, easily separable at all.

If the trial were bifurcated, these same witnesses would need to come back and testify about their initial decision to classify the ASM position as exempt and their activity in monitoring the position over the following years to ensure that the ASMs remained properly classified. Indeed, given their prior questioning of these witnesses at the previous trials, it appears likely that Plaintiffs themselves would call Perlman, Portno, Kelsey and Conforti during a second phase in an effort to show that Ocean State willfully misclassified ASMs and failed to act in good faith. And if Plaintiffs elected not to do so, Ocean State would almost certainly call them to explain how they came to the decision to classify the ASMs as exempt, what they relied on in doing so, who they spoke to, and how they continued to monitor the position to ensure compliance. Such testimony would in large measure be duplicative of testimony that is probative on the issue of Ocean State classifying the ASMs as exempt in the first instance, an issue that necessarily continues to have to be developed for the jury for purposes of the liability question. Put another way, the very nature

---

[4] This Court has already ruled that the compensation received by Ocean State ASMs, including benefits, as well as Ocean State's expectations concerning the job performance of its ASMs, are relevant factors for the jury's determination of liability.

6

of the liability question necessitates that reference to the DOL and the DOL Documents will be made by witnesses even during a liability-only stage.

Thus, despite Plaintiffs assertion to the contrary, bifurcation would require several key witnesses in this case to return and testify in both phases of a bifurcated trial in addition to the waste of time inherent with duplicating testimony. "[B]ifurcation is inappropriate where the "same witnesses may be needed to testify as to both the issues of liability and damages…" *Aldous*, 1996 WL 312198 at *1; *see also Hanlin*, 1990 WL 164694 at *1 (same). The resulting inefficiencies militate heavily against bifurcation. One should also not discount the burden on the jury, which would be forced to listen to a new round of evidence and deliberate a second time after having already sat through and deliberated over a multi-week first phase of the trial.

### B. Any Potential Prejudice Resulting from Admission of the DOL Documents During Trial Can Be Easily Cured Via Jury Instruction and Does Not Warrant Bifurcation.

Plaintiffs' only basis for bifurcation is their unfounded fear that introduction of the DOL Documents during trial will unduly prejudice Plaintiffs and confuse the jury into a finding for Ocean State on liability. Unhelpful documents to Plaintiffs' cause does not *a fortiori* mean there is undue prejudice. There is no legitimate reason, and Plaintiffs offer none, for why a simple jury instruction, coupled with evidence and argument supplied by Plaintiffs, would not amply address and cure any potential prejudice or confusion that the introduction of the DOL letters could have, and whatever purpose the Court ultimately determines they are to be admitted.

For example, in *Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 283, 284 (D. Conn. 2004), the court considered a motion for bifurcation from a defendant in a personal injury action. The basis for defendant's motion was that the plaintiff intended to introduce at trial graphic photos

of the deceased and his two severely injured children (for purposes of damages) and that, in the absence of bifurcation, the jury would be swayed by these photos in deciding liability (on which the photos were irrelevant), resulting in unfair prejudice to the defendant. *Id.* at 284-85. In denying the motion to bifurcate, the court acknowledged that the photographic evidence "is likely to be compelling and it has the potential to prejudice the jury against Defendants," but nevertheless noted that "the issues of liability and damages are routinely tried together, even in cases of death or severe injury." *Id.* at 284. In addressing the potential prejudice to the defendant, the court stated:

> In this case, the Court believes that the potential for prejudice that Defendants fear can most effectively be minimized or avoided through cautionary instructions at the outset of the case and throughout the trial that are designed to emphasize that jurors must not be swayed by sympathy and that they have a duty to consider the evidence and the claims fairly and impartially. The Court also intends to be attuned to any effort by Plaintiffs' counsel to unfairly appeal to jurors' sympathies or emotions.

*Id.*

The same reasoning applies here. A simple instruction to the jury from this Court would remedy any unfair prejudice Plaintiffs could suffer on liability if the DOL Documents are admitted, and the Court could issue such an instruction at the time that the documents are first admitted into evidence. *See, e.g., U.S. v. Jackson*, 2015 WL 4601021, at *2-3 (D. Conn. Jul. 29, 2015) (jury instructions were sufficient to cure potential unfair prejudice resulting from admission of evidence not relevant to one party's defenses; motion for separate trials denied); *see also U.S. v. Memoli*, 648 Fed. Appx. 91, 94 (2d Cir. 2016) (court's limiting instruction that evidence could be considered by the jury only for a particular purpose was sufficient to cure any unfair prejudice resulting from admission of that evidence); *U.S. v. Breitbach*, 180 Fed. Appx. 597, 599 (8th Cir. 2006) (same); *U.S. v. Aramony*, 88 F.3d 1369, 1379 (4th Cir. 1996) ("district court gave the jury a

cautionary instruction [that evidence was to be considered only for a particular purpose], which cures any unfair prejudice except in the most extraordinary circumstances").

Indeed, "[u]nless we proceed on the basis that the jury will follow the court's instructions where those instructions are clear and the circumstances are such that the jury can reasonably be expected to follow them, the jury system makes little sense." *Delli Paoli v. U.S.*, 352 U.S. 232, 242, 77 S.Ct. 294, 300, 1 L.Ed.2d 278 (1957); *see also U.S. v. Ebner*, 782 F.2d 1120, 1126 (2d Cir. 1986) (affirming trial court's admission of evidence with limiting instruction that evidence could be considered by jury only for a limited purpose, and noting that "[s]uch limiting instructions are an accepted part of our present trial system, and consequently there is a presumption that juries will follow them") (internal citations and quotations omitted).

Furthermore, any prejudicial impact of the DOL Documents will be mitigated by Plaintiffs themselves, who will surely elicit testimony illustrating the limitations of the documents along the lines set forth in their motion for bifurcation, namely that "they document an unnamed DOL investigator's investigations of a few Ocean State stores and conversations with a handful of assistant managers and managers, [and that] there is no evidence that the investigator conducted those investigations properly," that there is "no evidence regarding the factors that the investigator considered in concluding (in conclusory statements) that the assistant managers were properly classified as exempt," and other testimony supporting their ultimate position that the "fact that an unnamed DOL investigator concluded that a few different assistant managers were correctly classified, without any facts or legal reasoning explained to justify the conclusion, is not probative of whether Defendant has met its burden with respect to the 25 employees who are plaintiffs in this case." *See* Pls.' Mot. to Bifurcate, Doc. No. 442, at p. 6-7. And Plaintiffs can, and certainly will, remind the jury in closing arguments that the DOL Documents may not be considered for

liability purposes. This evidence and argument, coupled with an appropriate limiting instruction from the Court, is more than enough to mitigate any potential unfair prejudice to Plaintiffs.

Plaintiffs have simply failed to demonstrate in their moving papers why any potential unfair prejudice (even if it were to exist) from the introduction of the DOL Documents during trial cannot be simply and adequately addressed by the Court via limiting instructions. *See, e.g., Pena v. Handy Wash, Inc.*, 114 F.Supp.3d 1239, 1246 (S.D. Fla. 2015) (permitting defendant in FLSA action to admit, over plaintiff's claims of unfair prejudice, administrative agency documents to show defendant's good faith and/or lack of willfulness, despite irrelevance of documents on issue of liability and a non-bifurcated trial). Consequently, Plaintiffs have failed to carry their burden to show that bifurcation is necessary or appropriate, and their motion should be denied.

## CONCLUSION

Plaintiffs have not demonstrated that bifurcation would result in any increased judicial efficiency or that bifurcation is necessary to avoid any unfair prejudice resulting from admission of the DOL Documents. On the contrary, Ocean State would be prejudiced, and the time and resources of the parties, the Court and the jury would be wasted, by any ruling that limits Ocean State's ability to fully present all of the issues in its case-in-chief on liability and causes duplicative witnesses and testimony to be presented at a third trial. Consequently, Plaintiffs have failed to carry their burden to show that bifurcation is appropriate in this trial. Accordingly, Ocean State respectfully requests that the Court deny Plaintiffs' motion to bifurcate trial in its entirety, and grant Ocean State such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 28, 2016

COZEN O'CONNOR
Counsel for Defendant

By: _____
Michael C. Schmidt
Jonathan R. Cavalier
277 Park Avenue
New York, New York 10172
(212) 453-3937

CARMODY TORRANCE SANDAK
 & HENNESSEY LLP
Local Counsel for Defendant
195 Church Street
Post Office Box 1950
New Haven, Connecticut 06509-1950

11

## Certificate of Service

I hereby certify that on November 28, 2016, a copy of the foregoing Response in Opposition to Plaintiffs' Motion to Bifurcate Trial was filed electronically and served by mail on all counsel and pro se parties, including anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

COZEN O'CONNOR
Counsel for Defendant

By: _____
Michael C. Schmidt
277 Park Avenue
New York, New York 10172
(212) 453-3937